IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| QISHON VRBA,  ) | |
|          ) | |
|   Plaintiff,  ) | |
|          ) | No. 2:20-cv-02077-TLP-atc |
| v.         ) | |
|          ) | JURY DEMAND |
| ALLSTATE INSURANCE CO. and  ) | |
| WELLS FARGO,  ) | |
|          ) | |
|   Defendants.  ) | |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ALLSTATE'S MOTION TO DISMISS**

Defendant Allstate ("Allstate") moves to dismiss this action claiming Plaintiff fails to state a claim for which relief can be granted. (ECF No. 12.) Allstate says Plaintiff sued after the statute of limitations had run. Plaintiff has responded. (ECF No. 35.) And Allstate has replied. (ECF No. 37.) For the reasons below, the Court **GRANTS** Allstate's motion in part and **DENIES** it in part.

**BACKGROUND**

Plaintiff alleges these facts in her Complaint. She bought a Homeowner's Insurance Policy ("Policy") from Allstate in 2013. (ECF No. 1-2 at PageID 11.) On January 7, 2014, severe weather caused the pipes in her home to freeze and burst, which in turn caused flood damage throughout her entire house. (*Id.*) Plaintiff immediately contacted Allstate and filed a claim for property damage. (*Id.*) A few days later, an Allstate agent contacted Plaintiff, and said it would not be able to send an investigator immediately. (*Id.* at Page ID 12–13.) And the agent explained that Plaintiff could hire one of Allstate's recommended vendors. (*Id.*) In mid-

January, Gary Young, an Allstate field adjuster, presented an original estimate of repair to Plaintiff. (*Id.*) Allstate also allegedly informed Plaintiff it was her responsibility to hire a contractor to repair the damage. (*Id.* at PageID 13.)

Plaintiff hired a contractor who disputed Allstate's repair estimates. (*Id.* at PageID 14.) At the same time, he started repairing Plaintiff's home, allegedly funding the repairs out of his own pocket. (*Id.* at PageID 14–15.) The contractor then had difficulties getting Wells Fargo to pay his invoices timely. (*Id.*) Unfortunately, that contractor died before completing the job. (*Id.*) After that, Plaintiff failed to hire another contractor. (*Id.*) Allstate allegedly failed to assist her to find one. (*Id.* at PageID 15–16.)

Plaintiff sued Allstate in January 2015, but by April 2015, she requested and received a voluntary dismissal without prejudice. (*Id.* at PageID 16.) After that dismissal, Wells Fargo sent a $20,000.89 check to Plaintiff's attorney to hold in escrow with the understanding that Plaintiff would use it for home repair and labor. (*Id.*)

In August 2015, Plaintiff hired a company to test for mold in her home. Those tests came back positive. (*Id.* at PageID 17.) Plaintiff and her husband saw doctors for "headaches, nausea, and sinusitis" related to the mold exposure. (*Id.*) Plaintiff's attorney contacted Wells Fargo, which requested a second home inspection. (*Id.*) The home inspection reflected that 50% of the home was still in disrepair. (*Id.*)

Plaintiff now claims she has lost her home, has suffered ill health from mold exposure, and has had to file for bankruptcy protection because of Allstate's actions. (*Id.* at PageID 17–18.) Plaintiff sues Allstate for negligence, breach of contract, negligent infliction of emotional distress ("NIED"), and violations of the Tennessee Consumer Protection Act ("TCPA"). She requests $3,000,000 in damages. (*Id.* at PageID 18–25.)

Allstate now argues the Court should dismiss Plaintiff's claims because they are time barred.  (*See* ECF No. 12.)

## **LEGAL STANDARD**

Courts assess whether a complaint states a claim upon which relief can be granted under the standards for Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and in *Bell Atlantic, Corp. v. Twombley*, 550 U.S. 544, 555–557 (2007).  "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 Fed.3d 380, 383 (6th Cir. 2011) (*quoting Iqbal*, 556 U.S. 681).

To survive a Motion to Dismiss under 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 Fed.3d 571, 575 (6th Cir. 2017).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Direct TV vs. Treesh*, 487 Fed.3d 471, 476 (6th Cir. 2007).  "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Herhold v. Green Tree Services, LLC*, 608 F.App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland*, 319 Fed.3d 853, 855 (6th Cir. 2003)).

"Dismissal of the action is proper if there is an absence of law to support the type of claim made, if the facts alleged are insufficient to state a valid claim, or if, on the face of the

complaint, there is an insurmountable bar to relief." *Doe v. Ohio*, No. 2:91-cv-464, 212 WL 12985973, at *5 (S.D. Ohio February 12, 2012) (citations omitted). And while a 12(b)(6) motion is usually an "inappropriate vehicle" for dismissing because of the statute of limitations, dismissal is appropriate if "the allegations in the complaint affirmatively show that the claim is time-barred." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013).

## ANALYSIS

In this motion, Allstate argues Plaintiff's claims are either barred by the applicable statute of limitations or the one-year limitation period in the Homeowner's Insurance Policy. (*See* ECF No. 12.)

### I.     Negligence, NIED, and TCPA Claims

First, Plaintiff concedes that the limitations periods bar her negligence, NIED, and TCPA claims. (*See* ECF No. 35 at PageID 158.) Tennessee gives plaintiffs one year to bring a personal injury action and three years to bring actions for property damages. Tenn. Code. Ann. § 28-3-104–05. And the TCPA gives plaintiffs one year to commence an action after the person discovers the alleged unlawful act or practice. Tenn. Code. Ann. § 47-18-110. Plaintiff sued here in January 2020 asserting claims for negligence, NIED, and violations of the TCPA, all of which relate to events in 2014 and 2015. (ECF No. 1-2 at PageID 10.) She now concedes that these claims are time barred. (*See* ECF No. 13 at PageID 158.)

Because the parties do not dispute that these claims are barred and the statutory period has expired, the Court cannot grant relief for these claims. For that reason, the Court **GRANTS** Allstate's motion to dismiss as to Plaintiff's negligence, NIED, and TCPA claims against Allstate. The Court **DISMISSES** those claims **WITH PREJUDICE**.

## II.     Breach of Contract Claim

At the same time, the Parties dispute whether Plaintiff's breach of contract claim remains viable.  In effect Allstate argues the Policy contains a one-year limitations period.  (ECF No. 12-1 at PageID 109.)  What is more, Allstate claims the Court should recognize that contractual provision, enforce it and dismiss this claim.  (*Id.*)  By contrast, Plaintiff argues that Tennessee's six-year period of limitations for contract claims controls here instead.  (ECF No. 35 at PageID 159); *see* Tenn. Code Ann. § 28-3-109.  And so she argues her suit is timely.[1]  Thus, if the six-year statutory limitations period applies, Plaintiff satisfies it because her claim was filed before the six-year mark.

For all that however, "Tennessee has long held that an insurance policy provision establishing an agreed limitations period within which suit may be filed against the company is valid and enforceable."  *Brick Church Transmission, Inc. v. S. Pilot Ins. Co.*, 140 S.W.3d 324, 329 (Tenn. Ct. App. 2003).  Allstate references "Section I Conditions," of the Policy which states, "Any suit or action must be brought within one year after the inception of loss or damage."  (*Id.*)  Relying on this clause, Allstate argues that Plaintiff contracted herself out of the six-year statutory period and that this one-year contractual period applies.

To be sure, Section I of the Policy is entitled "Your Property" and outlines coverage for property damage.  (ECF. No. 1-2 at PageID 33.)  What is more, Plaintiff's Breach of Contract claim alleges property damage to her home after her pipes burst.  (*See id.* at PageID 20-21.)  And so, if Plaintiff's breach of contract claim refers to property damage, then the one-year contractual period seems to bar that breach of contract claim.

---

[1] Plaintiff's alleged property damage started on January 7, 2014, and she filed this action in state court on January 3, 2020.  (*See* ECF No. 1-2.)

That said, Plaintiff disagrees with Allstate over the language in her Policy. (ECF No. 35 at PageID 159.) In essence, she argues that her Policy contains a different clause than the one Allstate cites, and that clause fails to mention a one-year period. (*Id.*) She references "Section II Conditions," which states in part, "No suit or action can be brought against us unless there has been full compliance with all the terms of this policy." (*Id.*) She notes that this language does not mention a one-year limitations period. (*Id.*) In reply, Allstate argues that Plaintiff's referenced clause only covers third party claims not at issue here. (ECF No. 37 at PageID 169.)

Again, this Court must construe the Complaint "in light most favorable to the Plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Direct TV*, 487 Fed.3d at 476. Applying that standard, the Court finds that dismissal at this stage would be premature without the parties providing more explanation about which Policy provisions apply to this claim. Because it is not entirely clear which Policy provision applies, the Court declines to dismiss Plaintiff's breach of contract claim.

For that reason, the Court **DENIES** Allstate's Motion to Dismiss as to Plaintiff's breach of contract claim.

## **CONCLUSION**

In sum, the Court **GRANTS IN PART AND DENIES IN PART** Allstate's motion to dismiss.

**SO ORDERED**, this 16th day of September, 2020.

    s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE