**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| QISHON VRBA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:20-cv-02077-TLP-atc |
| v. ) | |
| ) | JURY DEMAND |
| ALLSTATE INSURANCE CO. and ) | |
| WELLS FARGO, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANT WELLS FARGO'S MOTION TO DISMISS**

Defendant Wells Fargo ("Wells Fargo") moves to dismiss claims against it arguing Plaintiff fails to state a claim for which relief can be granted. (ECF No. 15.) Plaintiff has responded. (ECF No. 36.) And Defendant has replied. (ECF No. 38.) For the reasons below, the Court grants Defendant's motion for the most part, but as to the breach of contract claim, the Court dismisses it without prejudice.

**BACKGROUND**

Plaintiff alleges these facts in her Complaint. She bought a Homeowner's Insurance Policy ("Policy") from Defendant Allstate ("Allstate") in 2013. (ECF No. 1-2 at PageID 11.) On January 7, 2014, severe weather caused the pipes in her home to freeze and burst, which in turn caused flood damage throughout her entire house. (*Id.*) Plaintiff immediately contacted Allstate and filed a claim for property damage. (*Id.*) And Allstate eventually informed Plaintiff it was her responsibility to hire a contractor to repair the damage. (*Id.* at PageID 13.)

Plaintiff hired Randy Morris Home Builders to complete repairs, but Morris claimed Allstate's repair estimates would be insufficient. (*Id.* at PageID 14.) Allstate revised its estimate, yet Morris still disputed the estimate. (*Id.*) Even still, he started repairing Plaintiff's home, funding the repairs out of his own pocket. (*Id.* at PageID 14–15.)

Morris allegedly submitted invoices to the mortgage lender, Wells Fargo, timely. (*Id.* at PageID 14.) Morris however had difficulties getting Wells Fargo to pay them timely. (*Id.*) And so he wrote letters to Plaintiff and Wells Fargo explaining that he could no longer fund repairs out of his own pocket. (*Id.*) Morris unfortunately then died in July 2014 before completing the job. (*Id.*)

Shortly after Morris's death, Wells Fargo, as the mortgage lender, sent a letter to Plaintiff explaining that it was holding $10,954.20 for repairs. (*Id.* at PageID 15, 78.)  But, before it would apply those funds for any more repairs, Wells Fargo wanted proof that Plaintiff was maintaining her home in proper repair. (*Id.*) Wells Fargo required Plaintiff to provide a 100% home inspection, Certificate of Completion, and a Hold Harmless Agreement. (*Id.*) What is more, Wells Fargo explained that, if Plaintiff ignored these requests, it may instead apply the funds to the unpaid principal balance on her mortgage as allowed by the mortgage security agreement. (*Id.*at PageID 78.) After this, Plaintiff failed to hire a second contractor. (*Id.* at PageID 15–16.)

With that in mind, Plaintiff sued Allstate and Wells Fargo in January 2015, but by April 2015, she requested and received a voluntary dismissal without prejudice. (*Id.* at PageID 16.) After that dismissal, Wells Fargo sent a $20,000.89 check to Plaintiff's attorney with the understanding that Plaintiff would use it for home repair and labor. (*Id.*) Plaintiff's attorney however halted the work because of mold from the water damage. (*Id.* at PageID 17.)

And so in August 2015, Plaintiff hired a company to perform mold testing on her home. (*Id.*)  The tests returned positive results.  (*Id.*)  Plaintiff and her husband made doctors' appointments for "headaches, nausea, and sinusitis" related to the mold exposure.  (*Id.*)  Plaintiff's attorney contacted Wells Fargo, and Wells Fargo requested a second home inspection. (*Id.*)  The home inspection reflected that 50% of the home was still in disrepair.  (*Id.*)

On that basis, Plaintiff claims here that she has lost her home, suffered from ill health because of mold exposure, and has gone through bankruptcy because of Defendants' actions. (*Id.* at PageID 17–18.)  Plaintiff claims Wells Fargo is liable for negligence, breach of contract, negligent infliction of emotional distress ("NIED"), and violations of the Tennessee Consumer Protection Act ("TCPA").  She requests $3,000,000 in damages.  (*Id.* at PageID 18–25.)

In response, Wells Fargo argues the Court should dismiss Plaintiff's negligence, NIED, and TCPA claims, because they are barred by the applicable statutes of limitations.  (ECF No. 15-1 at PageID 122.)  And, says Wells Fargo, the breach of contract claim is baseless because it is not a party to the contract here—the insurance policy between Plaintiff and Allstate.  (*Id.* at PageID 129.)

**LEGAL STANDARD**

Courts assess whether a complaint states a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure with guidance from the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and in *Bell Atlantic, Corp. v. Twombley*, 550 U.S. 544, 555–557 (2007).  "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"  *Williams v. Curtin*, 631 Fed.3d 380, 383 (6th Cir. 2011) (*quoting Iqbal*, 556 U.S. at 681).

To survive a motion to dismiss under 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007)); *see Engler v. Arnold*, 862 F.3d 571, 575 (6th Cir. 2017).

Though a court will grant a motion to dismiss if a plaintiff has no plausible claim for relief, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 Fed.3d 471, 476 (6th Cir. 2007). "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Herhold v. Green Tree Services, LLC*, 608 F. App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland*, 319 Fed.3d 853, 855 (6th Cir. 2003)).

Dismissal is proper if "no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. Of Educ.*, 570 F. App'x. 485, 487 (6th Cir. 2014). Also, while a 12(b)(6) motion is usually an "inappropriate vehicle" for dismissing because of the statute of limitations, dismissal is appropriate if "the allegations in the complaint affirmatively show that the claim is time-barred." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013).

## ANALYSIS

Wells Fargo argues here that the Court should dismiss Plaintiff's negligence, NIED, and TCPA claims because they are time-barred. And, because Wells Fargo is not a party to Plaintiff's contract with Allstate, it argues the Court should dismiss the breach of contract claim as well. (ECF No. 15.)

**I.    Negligence and NIED Claims**

4

First, Plaintiff concedes that the limitations periods bar her negligence and NIED claims. (ECF No. 36 at PageID 164.)  Tennessee gives plaintiffs one year to bring a personal injury action and three years to bring actions for property damages.  Tenn. Code Ann. § 28-3-104–05. Plaintiff agrees that these statutes bar her claims for negligence and NIED claims because they relate to events beginning in 2014 and 2015.  (*See* ECF No. 1-2.)  Because there is no dispute that these claims are barred and the statutory period has expired, the Court may not grant relief for these claims.  For that reason, the Court **GRANTS** Wells Fargo's motion to dismiss Plaintiff's negligence and NIED claims.  The Court **DISMISSES** those claims **WITH PREJUDICE**.

II.     **TCPA Claim**

Next, Wells Fargo argues Plaintiff's TCPA claim is also barred by the statute of limitations.  (ECF No. 15-1 at PageID 132.)  The TCPA gives plaintiffs one year to sue after the person discovers the alleged unlawful act or practice.  Tenn. Code. Ann. § 47-18-110.  "Under [the discovery] rule, a cause of action accrues when the plaintiff knows or in the exercise of reasonable care and diligence should know that an injury has been sustained as a result of wrongful or tortious conduct by the defendant." *John Kohl & Co. P.C. v. Dearborn & Ewing*, 977 S.W.2d 528, 532 (Tenn. 1998) (citations omitted).  Yet "a plaintiff is not entitled to delay filing until all injurious effects or consequences of the actionable wrong are actually known." *Wyatt v. A–Best, Co., Inc.*, 910 S.W.2d 851, 855 (Tenn.1995) (citations omitted).

 The date of Plaintiff's knowledge is usually a question for the trier of fact.  *See Gerdau Ameristeel, Inc. v. Ratliff*, 3688 S.W.3d 503, 509 (Tenn. 2012).  But "[w]hen undisputed evidence can lead to only one conclusion . . . accrual can be a question of law for the court to determine." *Montesi v. Nationwide Mut. Ins. Co.*, 970 F. Supp. 2d 784, 189–90 (W.D. Tenn.

2013) (referencing *City of Chattanooga v. Hargreaves Assocs.*, No. E2011-01197-COA-R3-CV, 2012 WL 2353688, at *12 (Tenn. Ct. App. June 21, 2012)).

From the face of Plaintiff's Complaint, she only refers to Wells Fargo's actions from 2014 and 2015. (*See* ECF No. 1-2.) Plaintiff first alleges issues with Wells Fargo's payment processing in July 2014 when her contractor wrote a letter to Wells Fargo complaining of delayed payments. (*Id.* at PageID 14–15.) These payments of course related to work he was doing to repair the water damage that started all this. What is more, Plaintiff had to know about Wells Fargo's alleged role by January 2015 because that is when she sued it the first time. (*See id.* at PageID 16.) And so even under a generous reading of the Complaint, she should have sued again by 2016 to satisfy the one-year TCPA time bar. Instead, Plaintiff waited until January 2020 to sue here—over five years after she first identified problems with Wells Fargo in July 2014.

In Plaintiff's response to Defendant's motion, she contends that because she continued to make monthly mortgage payments to Wells Fargo there was no reason for her "to think that Wells Fargo would not continue to pay for cost of repairs for the damage." (ECF No. 36 at PageID 166.) Yet even if she continued to make mortgage payments, she still knew of Wells Fargo's alleged misconduct as early as mid-2014. (*See* ECF No. 1-2 at PageID 14–15.) And again, under Tennessee law, Plaintiff does not get to wait to sue until she knows all injurious effects of Defendant's alleged conduct. *See Wyatt*, 910 S.W.2d at 855. So just because Plaintiff continued to have a relationship with Wells Fargo, does not mean she can defeat or postpone the one-year time bar by waiting to see if Wells Fargo would injure her further.

In sum, Plaintiff's TCPA claim against Wells Fargo fails because it is time-barred. The Court finds this to be an "insurmountable bar to relief," which is clear from the face of Plaintiff's

Complaint. *Southfield Educ. Ass'n*, 570 F. App'x. at 487. Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's TCPA claim against Wells Fargo.

### III. Breach of Contract Claim

Finally, Wells Fargo argues that because it is not a party to the contract between Plaintiff and Allstate, Plaintiff's breach of contract claim fails. (ECF No. 15-1 at PageID 129.) Alternatively, Wells Fargo argues that even if for some reason the policy applied to it (i.e., as a third-party beneficiary), the Policy contains a one-year limitations period, and the Court should recognize it and dismiss Plaintiff's claim. (*Id.*)

Plaintiff argues that Wells Fargo was a party to the Policy only because Allstate sent the claims checks to Wells Fargo. (ECF No. 36 at PageID 164.) Also Plaintiff contends that because Wells Fargo holds the mortgage on the property and because it has a "vested interest in the condition and habitability of the property," Wells Fargo is a third-party beneficiary of the Policy (*Id.*) And by extension Plaintiff claims she can sue Wells Fargo—as a third-party beneficiary—for breaching the Policy.[1] All the same, Plaintiff fails to show why she can sue Wells Fargo for breach of contract.

First, Plaintiff did not assert in her Complaint that Wells Fargo was a party to the Policy, nor did she assert that Wells Fargo was a third-party beneficiary. (*See* ECF No. 1-2.) Instead, she claims only that "Allstate Insurance Company and Plaintiff entered into a homeowner's deluxe insurance policy . . . ." (*Id.* at PageID 11, 21.) As to Wells Fargo, she merely claims that

---

[1] Plaintiff argued in her response to Allstate's motion that Tennessee has a six-year period of limitations for breach of contract claims, and it should control. (ECF No. 35 at PageID 159); *see* Tenn. Code Ann. § 28-3-109. She did not repeat that argument in her response to Wells Fargo, but the Court assumes that Plaintiff is relying on the six-year statutory period for her breach of contract claim against Wells Fargo. In her Complaint, Plaintiff describes issues with Wells Fargo's payments as early as the summer of 2014. (*See* ECF No. 1-2 at PageID 14–15.) Thus, if the six-year limitations applies, Plaintiff's suit is timely.

it was responsible for approving Allstate's payments and that it delayed that approval which aided in breaching the contract. (*Id.* at PageID 20–21.) But simply approving insurance checks does not necessarily make Wells Fargo a party to Plaintiff's Policy. To prevail here, Plaintiff must show a contractual obligation that Wells Fargo breached.

Under Tennessee law, "[a] breach of contract claim cannot be asserted against a non-contracting party who has no obligation to perform." *Great Am. Ins. Co. v. Nelson, Inc.*, 276 F. Supp. 3d 762, 770 (W.D. Tenn. 2017) (referencing *Bonham Grp. Inc. v. City of Memphis*, No. 02A01-9709-CH-00238, 1999 WL 219782, at *7 (Tenn. Ct. App. Apr. 16, 1999)). Nowhere in Plaintiff's Complaint does she assert that Wells Fargo was a party to the Policy who had to perform under the Policy. (*See* ECF No. 1-2.) What is more, holding a non-party liable to a contract "is contrary to common reason." *Great Am. Ins. Co.*, 276 F. Supp. 3d at 770; *Bonham Grp. Inc.*, 1999 WL 219782, at *7.

The theory that Wells Fargo is subject to suit because it is a third-party beneficiary is odd. Tennessee law makes clear "[t]he beneficiary gets a benefit, not an obligation . . . ." *Id.* And "the very description of the status of 'third party beneficiary' belies an assertion of liability as an obligor." *Id.* In other words, beneficiaries get to sue for their rights under the contract, but the contracting parties do not get to sue beneficiaries in turn.

This law is instructive. From the face of Plaintiff's Complaint, she only claims she has a Policy with Allstate. (ECF No. 1-2 at PageID 11, 21.) To hold Wells Fargo liable for breaching a contract that it did not enter into would defy reason. As for Plaintiff's argument that Wells Fargo is a third-party beneficiary, that does not change the analysis here. Even if it is a third-party beneficiary of the Policy, Wells Fargo would have the right to sue—but not be sued.

8

In sum, Plaintiff cannot successfully maintain an action against Wells Fargo for breaching her *Allstate* insurance Policy. The Court therefore **DISMISSES WITHOUT PREJUDICE** Plaintiff's breach of contract claim against Wells Fargo.

## **CONCLUSION**

In sum, the Court **DISMISSES WITH PREJUDICE** the negligence, NIED, and TCPA claims against Wells Fargo and it **DISMISSES WITHOUT PREJUDICE** the breach of contract claim against Wells Fargo.

**SO ORDERED**, this 23rd day of October, 2020.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE